# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH A. BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | CASE NO. 1:11-cv-01836-LJO-SKO PC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND DISMISSING ACTION AS DUPLICATIVE OF CASE NUMBER 1:11-CV-01562-MJS PC<br><br>(Doc. 5) |

Plaintiff Joseph A. Brown, a federal prisoner proceeding pro se, filed this civil action on October 31, 2011, and on November 8, 2011, the Magistrate Judge issued orders requiring Plaintiff to file a complaint on the form provided and to either pay the filing fee in full or file an application to proceed in forma pauperis. (Docs. 3 and 4.) On November 16, 2011, apparently in response to the orders, Plaintiff filed a motion seeking the appointment of counsel and to consolidate this case with case number 1:11-cv-01562-MJS PC.

Plaintiff does not have a constitutional right to the appointment of counsel in civil actions such as this. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist.[1] Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1981). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to

---

[1] Plaintiff has not been granted leave to proceed in forma pauperis under 28 U.S.C. § 1915.

articulate his claims *pro se* in light of the complexity of the legal issues involved. Palmer, 560 F.3d at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. Palmer, 560 F.3d at 970 (citation and quotation marks omitted); Wilborn 789 F.2d at 1331.

At this juncture, the Court cannot find that exceptional circumstances warranting the appointment of counsel exist. Even if it is assumed that Plaintiff is not well versed in the law, he has not filed a pleading stating any claims for relief. The Court is therefore unable to evaluate the likelihood of success on the merits or the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issues, and Plaintiff's motion for counsel is denied.

In addition, Plaintiff seeks to consolidate this action with case number 1:11-cv-01562-MJS PC, filed on September 15, 2011, which he contends is duplicative and in which he paid the $350.00 filing fee in full. Plaintiff requests that the complaint filed in 1:11-cv-01562-MJS be filed in this case. Given that the actions are duplicative, per Plaintiff's representation, they may not both proceed. Case number 1:11-cv-01562-MJS, as the earlier-filed action and the one in which the filing was paid and a complete complaint was filed, shall proceed as the sole action.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel is denied; and
2. The Clerk's Office shall administratively close this action on the ground that it is duplicative of case number 1:11-cv-01562-MJS PC.

IT IS SO ORDERED.

**Dated:   November 18, 2011**          /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE