1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9   JOSEPH A. BROWN,                          CASE NO. 1:11-cv-01836-LJO-SKO PC

10                       Plaintiff,           ORDER DENYING MOTION FOR
                                              APPOINTMENT OF COUNSEL AND
11        v.                                  DISMISSING ACTION AS DUPLICATIVE
                                              OF CASE NUMBER 1:11-CV-01562-MJS PC
12   UNITED STATES OF AMERICA, et al.,
                                              (Doc. 5)
13                       Defendants.
                                           /
14

15        Plaintiff Joseph A. Brown, a federal prisoner proceeding pro se, filed this civil action on

16   October 31, 2011, and on November 8, 2011, the Magistrate Judge issued orders requiring Plaintiff

17   to file a complaint on the form provided and to either pay the filing fee in full or file an application

18   to proceed in forma pauperis.  (Docs. 3 and 4.)  On November 16, 2011, apparently in response to

19   the orders, Plaintiff filed a motion seeking the appointment of counsel and to consolidate this case

20   with case number 1:11-cv-01562-MJS PC.

21        Plaintiff does not have a constitutional right to the appointment of counsel in civil actions

22   such as this.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d

23   1349, 1353 (9th Cir. 1981).  The Court may request the voluntary assistance of counsel pursuant to

24   28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist.[1]  Palmer, 560 F.3d

25   at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1981).  In making this determination,

26   the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to

27

28        [1] Plaintiff has not been granted leave to proceed in forma pauperis under 28 U.S.C. § 1915.

1   articulate his claims *pro se* in light of the complexity of the legal issues involved.  Palmer, 560 F.3d
2   at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331.  Neither consideration is
3   dispositive and they must be viewed together.  Palmer, 560 F.3d at 970 (citation and quotation marks
4   omitted); Wilborn 789 F.2d at 1331.

5        At this juncture, the Court cannot find that exceptional circumstances warranting the
6   appointment of counsel exist.  Even if it is assumed that Plaintiff is not well versed in the law, he
7   has not filed a pleading stating any claims for relief.  The Court is therefore unable to evaluate the
8   likelihood of success on the merits or the ability of Plaintiff to articulate his claims pro se in light
9   of the complexity of the legal issues, and Plaintiff's motion for counsel is denied.

10        In addition, Plaintiff seeks to consolidate this action with case number 1:11-cv-01562-MJS
11   PC, filed on September 15, 2011, which he contends is duplicative and in which he paid the $350.00
12   filing fee in full.  Plaintiff requests that the complaint filed in 1:11-cv-01562-MJS be filed in this
13   case.  Given that the actions are duplicative, per Plaintiff's representation, they may not both
14   proceed.  Case number 1:11-cv-01562-MJS, as the earlier-filed action and the one in which the filing
15   was paid and a complete complaint was filed, shall proceed as the sole action.

16        Accordingly, it is HEREBY ORDERED that:

17       1.     Plaintiff's motion for the appointment of counsel is denied; and

18       2.     The Clerk's Office shall administratively close this action on the ground that it is
19               duplicative of case number 1:11-cv-01562-MJS PC.

20

21   IT IS SO ORDERED.

22   **Dated:  November 18, 2011**            **/s/ Lawrence J. O'Neill**
23                                 UNITED STATES DISTRICT JUDGE

24

25

26

27

28